Daniel, J.
 

 The plaintiffs in their bill state, that for a valuable consideration they are the assignees of a legacy in certain slaves, their increase, rents and hires, given by the last will and testament of Lucy Haynes to William Noblin and his daughter Lucy II. Noblin. The bequest in the said will is in the following words: “My two negroes Mill y and James I give and bequeath to my great-grand-daughter, Lucy Haynes Noblin, daughter of Willim Noblin, my grandson. But my will and meaning is, that the two above named negroes be hired out during the natural life of my grandson, William NobMn, and their wages paid to him
 
 at the. discretion of my ezeculoi's.
 
 And at his decease for the a
 
 *347
 
 bove named negroes to be the property of his daughter Lucy Haynes Noblin ; and also, if there be any part of the wages of the aforesaid two negroes remaining in my executors’ hands, at or after the decease of the said William No-blin, my will and meaning is that it be carefully paid and deliverd to his daughter Lucy Haynes Noblin.” The bill states, that the defendants, as executors of the said testatrix, hold the said slaves and their increase and hires; and that, although the plaintiffs have demanded the said slaves and their increase and an account of their hires, &e. still the defendants refuse, &c.
 

 The defendants in their answer admit the legacy as stated in their bill. But they do not admit th.e assignment ol the same to the plaintiffs by the legatees. They state, that the hires of the said negroes have been legally accounted for up to the year 1842.
 

 On examining the proofs and' exhibits filed in the cause, we are satisfied and so declare, that James Walker (who was at the time the husband of the legatee-Lucy Haynes Noblin,) and William Noblin, the other person interested in the said legacy, did, for a valuable consideration,, execute deeds of assignment to. the plaintiffs for-the slaves an.d their increase covered by the said legacy and all the rents, and hires of the same. The said deeds were executed on the 10th day of December, 1841. The defendants are, as they truly say they are, but trustees of the fund. And we declare, that the
 
 cestuis que trust
 
 of the-said entire fund were William No-blin and Lucy Haynes Noblin, afterwards and now the wife of James Walker. The assignment therefore made by William Noblin and James Walker in right of his wife, transferred the entire trust fund to the plaintiffs. It therefore becomes immaterial for us to inquire, as to the exteut of the
 
 discretionary powers
 
 of the executors, mentioned in the will, in'paving the profits to William N.oblin for life. We now are of opinion, that the plaintiffs are entitled to a surrender “of the said slaves and their increase, and also to an account ol their hires, allowing all proper credits. The decree will be for the plaintiffs accordingly.
 

 Per Curiam, Decree accordingly.